JOHN F. BANNON *et als.*, appellants, *vs.* ANNIE M. B. BANNON, appellee.

MARCH 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Probate Law. Setting Off Real Estate in Addition to Dower.*

Gen. Laws, cap. 313, § 9, authorizing a probate court when there is no issue of a deceased person living at his death, to set off to the widow such portion of the real estate of the husband not required for the payment of debts, as may be suitable for her situation to be held in addition to her dower, applies to either a testate or intestate estate.

*(2) Construction of Statutes. Title of Act.*

When such appears to be the intent of the legislature an act may treat of subjects other than those contained in the title.

PROBATE APPEAL. Heard on exception of appellants and overruled.

SWEETLAND, C. J. The above entitled cause is an appeal from a decree of the Probate Court of Central Falls setting off to the appellee, Annie M. B. Bannon, widow of Peter Bannon late of Central Falls, deceased, an estate in addition to dower. The appellants are devisees under the will of Peter Bannon.

The appeal was heard before a justice of the Superior Court sitting without a jury and decision was entered confirming the decree of the probate court. The cause is before us upon the exception of the appellants to said decision of the Superior Court.

The appellants do not claim that the allowance in question is unreasonable in extent, but object to the decision solely on the ground that a probate court is without jurisdiction to make such an allowance to a widow in a testate estate.

The decree purports to be entered under the authority conferred on probate courts by Section 9, Chapter 313, General Laws, 1909, which section is as follows: "Sec. 9. If there be no issue of a deceased person living at the time of his decease, the probate court shall also allow and set off to the widow such portion of the real estate of her deceased husband, not required for the payment of his debts, as may be suitable for her situation and support and in accordance with the circumstances of the estate, and such widow shall hold such real estate in addition to her dower, subject to the same conditions and for the same time as she holds her estate of dower."

In their argument and in their brief, the appellants have very carefully traced the history of said Section 9. The substance of that section first appeared in our law as a part of Section 4, Chapter 157, "Of the Inventory and Assets of Estates of Deceased Persons," Revised Statutes of 1857. The other part of said Section 4, Chapter 157, provides for an allowance of wearing apparel, bedding and supplies to the widow and children of a deceased person; this latter part is now Section 6, Chapter 313, General Laws, 1909. Said Chapter 157, Revised Statutes of 1857, deals with both testate and intestate estates. That portion of Section 4, Chapter 157, Revised Statutes of 1857, other than the part which constitutes Section 9, Chapter 313, General Laws, 1909, now under consideration, appears in Laws of Rhode Island 1844 as Section 3, page 239, in a chapter entitled, "An Act directing the descent of Intestate Estate and the Settlement thereof, and for other Purposes therein mentioned." From this the appellants argue that as the provisions of Section 4, Chapter 157, relating to allowances of wearing apparel, bedding and supplies, was in the laws of 1844 a part of a chapter relating to intestate estates, when that provision was in the laws of 1857 moved into a chapter dealing with both testate and intestate estates, such provision still remained affected by its former context, and continued to authorize allowances of bedding, wearing

apparel and supplies only in intestate estates. The appellants further claim that when the provision now under consideration, authorizing the allowance to a widow of an estate in addition to dower, was coupled with that for the allowance of wearing apparel, etc., such new provision became affected by the same restriction, and that an allowance of an estate in addition to dower can be made in intestate estates only. The appellants' argument is contrary to judicial construction and practice. Allowances of wearing apparel, bedding and supplies have not been restricted to intestate estates. The appellants also overlook the fact that the title of said Chapter of the Laws of 1844 is not only "an act directing the descent of intestate estates and the settlement thereof" but also "for other purposes therein named." From an examination of the chapter it appears that a number of its provisions are applicable to testate as well as intestate estates. It is plain that Section 3 of that chapter, upon which the appellants depend by its terms permits allowances of supplies, etc., to widows and children in testate estates. It is a rule of statutory construction that, when such appears to be the intent of the legislature, an act may treat of subjects other than those contained in the title.

After due consideration of the claim of the appellants, based upon the course of statutory enactment, we are of the opinion that the language of said Section 9, Chapter 313, General Laws, 1909, which is general in its nature, should be construed in accordance with its plain intent. The provisions of that section authorize the allowance of an estate in addition to dower in either a testate or intestate estate, in the circumstances set out in the section.

The appellants' exception is overruled. The case is remitted to the Superior Court for further proceedings in accordance with the decision.

*Nathan W. Littlefield, Charles W. Littlefield,* for appellants.
*Cooney & Cooney,* for appellee.